IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC.,
   *Plaintiff*,

v.

GLANVILLE, INC.,
SHANNON O. GLANVILLE,
 and
LORES GLANVILLE
   *Defendants*.

Civil Action No. ELH-18-568

**MEMORANDUM**

On February 23, 2018, plaintiff J&J Sports Productions, Inc. ("J&J") sued Glanville, Inc., t/a Savana's Island Bar & Grill, t/a Savannah Island, t/a Savannah's ("Glanville"); Shannon Glanville; and Lores Glanville.[1] ECF 1 ("Complaint"). Plaintiff alleges that it had exclusive distribution rights to the "*Floyd Mayweather, Jr. v. Andre Berto WBA/WBC Welterweight Championship Fight Program*" (the "Program") and that defendants violated 47 U.S.C. §§ 605 *et seq.* and 47 U.S.C. §§ 553 *et seq.* by intercepting and broadcasting the Program without a valid sublicensing agreement. *Id.* (italics in original). Plaintiff seeks statutory and punitive damages. *Id.* ¶¶ 25, 30.

Plaintiff provided returns of service for all three defendants. ECF 5; ECF 6; ECF 7. However, defendants did not respond to the suit. *See* Docket. Therefore, pursuant to requests by J&J (ECF 8; ECF 9; ECF 12), the Clerk entered a default as to Shannon (ECF 10) and Lores (ECF

---

[1] Hereinafter, because of the common surnames, I shall refer to the individual defendants by their first names.

11) on April 19, 2018, and as to Glanville on May 2, 2018. ECF 13. The matter of service on Lores is discussed, *infra*.

On May 31, 2018, counsel for plaintiff notified the Court that on May 26, 2018, Shannon initiated bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Maryland. *See* ECF 14. Therefore, under 11 U.S.C. § 362(a)(1), this litigation was automatically stayed as to Shannon. But, the automatic stay did not preclude the continuation of the suit as to Lores and Glanville. *See Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007).

On June 19, 2018, plaintiff filed a Request for Entry of Default Judgment (ECF 16) as to Glanville and Lores, supported by a memorandum of law (ECF 16-4) (collectively, the "Motion") as well as exhibits. ECF 16-5 to ECF 16-12. The Motion requests entry of judgment against defendants in the amount of $14,200. ECF 16 at 2. In particular, J&J seeks $2,000 "[f]or statutory damages under 47 U.S.C. § 605"; $10,000 "[f]or enhanced damages under 47 U.S.C. § 605"; and $2,200 in "attorney's fees and costs," for a total of $14,200. *Id.*

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I will deny the Motion, as premature, and without prejudice.

## I.

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[2] But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims

---

[2] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[3]

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program,* 895 F. 2d 949, 950 (4th Cir. 1990). But, that policy is not absolute. Default judgment "'is appropriate when the "adversary process has been halted because of an essentially unresponsive party."'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Upon the entry of default against a party, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. 2010 Supp.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Ryan,* 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'") (citation omitted); *Monge*, 751 Supp. 2d at 794; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*,

---

[3] Judge Grimm now serves as a United States District Judge. But, he authored *Monge* when he was a United States Magistrate Judge.

DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages).

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is

meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

## II.

On August 27, 2018, James Glanville, the resident agent of Glanville, filed "Correspondence" (ECF 20) with the Court, stating that Lores was never notified of any "court dates in reference to this case." *Id.* The docket also reflects that the Clerk has twice sent mail to Lores at 25 Clovelly Street, Apt. 4307, in Baltimore, Maryland, which was then returned as undeliverable. ECF 22; ECF 27.

As a result, by Order of January 10, 2019 (ECF 28), the Court directed J&J to advise the Court as to the basis for its claim that Lores was properly served. *Id.* On January 16, 2019, plaintiff moved to strike service as to Lores (ECF 29), and the Court granted plaintiff's motion. ECF 32. As a consequence, Lores has not been served and, as of this date, is not required to appear in this case. Fed. R. Civ. P 8(b). Accordingly, I shall direct the Clerk to vacate its entry of default as to Lores (ECF 11). *See* Fed. R. Civ. P. 55(a)-(b). I shall also deny the Motion (ECF 16) as to Lores because it is not yet ripe.

Nevertheless, plaintiff has properly served Glanville. Final judgment can be entered as to one of multiple defendants if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But, an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

Plaintiff's Motion does not address the implications of granting a default judgment as to only one party. This omission is of concern, in light of the principles articulated in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

In *Frow*, the plaintiff alleged that multiple defendants, including Frow, conspired to defraud him of land. 82 U.S. (15 Wall.) at 553. Frow failed to answer the complaint and the lower court entered a final decree against him. *Id.* Meanwhile, the other defendants answered the complaint and prevailed on the merits. *Id.* When the case reached the United States Supreme Court, Justice Bradley described this inconsistent result as "unseemly and absurd." *Id.* at 554. The Court said that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id.*; *see also* 10A Wright and Miller § 2690 ("As a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *accord United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 944 (4th Cir. 1967); *Mullins v. River Docks, Corp.*, 791 F. Supp. 2d 511, 512 (E.D. Va. 2011); *Carter v. Rosenberg,* AMD-04-759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005).

To be sure, subsequent case law has recognized that *Frow*'s holding is limited to situations alleging "joint and/or several" liability, or at least "'closely related'" liability. *Hudson*, 374 F.2d at 944-45 (citation omitted). To illustrate, if "the nondefaulting defendant's defense is a personal one—infancy, for example—and would not be available to the defaulting defendant," the *Frow* rule would not apply. 10A Wright and Miller § 2690; *see Whelan v. Abell,* 953 F.2d 663, 674-75 (D.C. Cir. 1992) (stating that *Frow* doctrine pertains "when liability is truly joint—that is, when

the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all"); *Int'l Controls Corp. v. Vesco,* 535 F.2d 742, 746-47 n.4 (2d Cir. 1976) ("[A]t most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *cert. denied,* 434 U.S. 1014 (1978). *See generally Phoenix Renovation Corp. v. Gulf Coast Software, Inc.,* 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (reviewing cases).

The Complaint alleges that both Lores and Glanville are liable for allegedly intercepting the Program. *See* ECF 1. It asserts that Lores is a managing member of Glanville and therefore had a financial interest in the interception of the Program. *Id.* ¶¶ 6, 11. It also alleges that she had the ability, right, and obligation to supervise the activities of Glanville. *Id.* ¶¶ 8-9. As a result, if the allegations are true, Lores and Glanville are jointly and severally liable. *See Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. CIV. 3:06-CV-73, 2007 WL 3226451, at *4 (W.D.N.C. Oct. 29, 2007); *J & J Sports Prods., Inc. v. Benson*, CV-06-1119-CPS, 2007 WL 951872, at *7 (E.D.N.Y. Mar. 27, 2007).

As a result, at this stage it is inappropriate to grant a default judgment against Glanville, given that Lores has not yet had an opportunity to participate in the case. *See* Fed. R. Civ. Pro. 54(b).

**III.**

For the reasons discussed, I shall DENY the Motion, as premature, and without prejudice to plaintiff's right to renew it at the appropriate time. An Order follows.

Date: January 18, 2019                             /s/
                                                                    Ellen Lipton Hollander
                                                                    United States District Judge